UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE JERMAINE HOPKINS,

      Petitioner,

                                      Case No. 1:14-cv-401

v.

                                      HON. ROBERT J. JONKER

UNITED STATES OF AMERICA,

      Respondent.

_____/

## OPINION AND ORDER

Movant Hopkins moves to vacate his 200-month sentence for conspiracy to possess with intent to distribute 100 grams or more of heroin. The Court has carefully reviewed Petitioner's motion and determined that an evidentiary hearing is unnecessary to the resolution of this case. *See* Rule 8, RULES GOVERNING 2255 CASES; *see also Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (holding that an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief). There is no merit to the Movant's position, and the motion is **DENIED**.

## BACKGROUND

On August 14, 2012, a grand jury indicted Petitioner Hopkins on one count of conspiracy to possess with intent to distribute 100 grams or more of heroin and multiple counts of distribution of heroin. A superseding indictment was returned on September 26, 2012, adding distribution counts. On November 26, 2012, based on a plea agreement, Hopkins plead guilty to the first count of the superseding indictment, charging him with conspiracy to possess with intent to distribute 100 grams

or more of heroin. In exchange, the government agreed to dismiss the remaining charges against him and further agreed not to file a supplemental information under 21 U.S.C. § 851, relieving Petitioner of the risk of an increased mandatory minimum sentence of 10 years, and a maximum of life imprisonment. In his plea agreement, Petitioner also waived the right to appeal issues not preserved at sentencing if his sentence was at or below the maximum guidelines range.

Petitioner's base offense level was 32 (based on 1.2 kilograms of heroin) plus two levels for the specific offense characteristic of possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1), minus three levels for acceptance of responsibility,[1] for a total offense level of 31. The criminal history was VI (based on 11 criminal history points and career offender scoring). Hopkins was a career offender under the guidelines based on two predicate offenses for unarmed robbery and delivery of less than five grams of crack cocaine. Accordingly, the guidelines came to 188-235 months. The Court imposed a guideline sentence of 200 months on April 26, 2013. Hopkins did not appeal his conviction or sentence.

Hopkins filed a *pro se* Section 2255 motion on April 11, 2014. On June 9, 2014, the Court allowed Hopkins to amend his petition (ECF No. 6). The Court again provided Hopkins with leave to amend his petition on October 9, 2014 (ECF No. 13). The government filed a response to Hopkins's Section 2255 motion on December 5, 2014 (ECF No. 22). On December 28, 2015, Hopkins supplemented his motion for a third time to add an ineffective assistance of counsel claim premised on the Supreme Court's *Johnson* decision (ECF No. 23). The Court appointed counsel to assist with Petitioner's *Johnson* claim on June 20, 2016 (ECF No. 26).

---

[1] The PSR recommended against acceptance of responsibility, but the Court sustained the defendant's objection.

**LEGAL STANDARDS AND ANALYSIS**

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255. A valid Section 2255 motion requires a petitioner to show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Non-constitutional errors generally are outside the scope of Section 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted). Generally, with the exception of claims of ineffective assistance of counsel, claims not first raised on direct appeal are procedurally defaulted and may not be raised on collateral review. *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations and quotation marks omitted).

**I.      Ineffective Assistance of Counsel**

Petitioner's first four grounds for attacking his sentence all involve some variation of the allegation that his right to effective assistance of counsel was violated. Petitioner's first three grounds allege several claims of deficient performance at sentencing. Petitioner's final ground claims

defense counsel provided ineffective assistance by refusing to appeal his career offender enhancement.

Normally, to establish a claim of ineffective assistance, a criminal defendant must show deficient performance and actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). A district court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Flores-Ortega*, 528 U.S. at 477. Counsel must be "a reasonably competent attorney" and give "reasonably effective assistance." *Strickland*, 466 U.S. at 687. Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Actual prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. Petitioner has not established either deficient performance or actual prejudice on any of his claims in this case.

### A. The Sentencing Stage

Petitioner claims defense counsel was ineffective at the sentencing stage for three different reasons. First, Hopkins argues that his counsel's performance was deficient because he failed to challenge the quantity of heroin attributed to him (ECF No. 1, PageID.5). Second, Hopkins claims defense counsel provided deficient performance because he failed to challenge Hopkins's career offender enhancement on the basis that one of his predicates was not an adult conviction, and another is no longer a valid predicate after the Supreme Court's decision in *Johnson* (ECF No. 1, PageID.6-7; ECF No. 13, PageID.51; ECF No. 23, PageID.115). Third, Hopkins claims defense counsel was ineffective because he failed to object to the government's denial of acceptance of

responsibility credits (ECF No. 13, PageID.50). All of these claims lack merit.

### 1. Objection to the Drug Quantity

Hopkins's first claim is that his defense counsel provided ineffective assistance by not objecting to the quantity of heroin attributed to him. The Court finds that Hopkins's claim lacks any basis in fact and therefore does not establish ineffective assistance of counsel. In Petitioner's Objections the PSR, defense counsel did, in fact, challenge the drug quantity (Case No. 1:12-cr-209, ECF No. 47, PageID.147-148; ECF No. 95, PageID.426-427). Accordingly, Petitioner cannot now claim that his attorney failed to object to the drug quantity attributed to him. In any event, Petitioner suffered no prejudice because, as the Court explained at sentencing, Petitioner's career offender enhancement–not the drug quantity–drove his guidelines range (*Id.*, ECF No. 95, PageID.436) ("[T]he underlying facts [regarding attributable drug quantity] are admitted and none of the quantity issues have guideline impact beyond that.").

### 2. Objection to the Career Offender Enhancement

Second, Petitioner claims defense counsel was ineffective by failing to challenge Hopkins's career offender enhancement at sentencing. Specifically, Petitioner argues that "in light of *Johnson v. United States* . . . counsel should have argued that . . . Hopkins's prior conviction [for unarmed robbery] wasn't a predicate for career criminal offender enhancement under § 4B1.1 . . . ." (Case No. 1:14-cv-401, ECF No. 23, PageID.114-115). In *Johnson*, the Supreme Court held that imposing an increased sentence under the residual clause of 18 U.S.C. § 924(e)(2)(B) (the Armed Career Criminal Act), violates the Constitution's guarantee of due process. 135 S. Ct. at 2557. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Court held that *Johnson* announced a substantive rule of constitutional law that applies retroactively to ACCA cases on collateral review. Hopkins argues that

5

*Johnson* applies here because he believes the Court imposed an enhanced sentence under the residual clause of U.S.S.G. § 4B1.2(a), which has parallel language to the residual clause held unconstitutional in *Johnson*. (Case No. 1:14-cv-401, ECF No. 23, PageID.114-115).

The Court finds that defense counsel was not ineffective for failing to object to Petitioner's career offender designation based on *Johnson*. Under established Sixth Circuit precedent at the time of Hopkins's sentencing, his unarmed robbery conviction was a valid predicate conviction for a "crime of violence" under U.S.S.G. § 4B1.2(a). *See United States v. Medekiak*, 510 F. App'x 348, 353-54 (6th Cir. 2013) ("[U]nder the categorical approach, unarmed robbery fits comfortably within the residual clause of 'crime of violence.'"). Additionally, Hopkins's 2002 conviction for delivery or manufacture of less than 50 grams of crack cocaine in violation of MCL § 333.7401(2)(a)(iv) was a valid predicate conviction for a "controlled substance offense" under U.S.S.G. § 4B1.2(b). *See United States v. Purifoy*, Nos. 08-20238, 11-15044, 2014 WL 1672119, at *3 (E.D. Mich. April 28, 2014) ("Section 333.7401(2)(A)(iv) prohibits the distribution and possession with intent to distribute a controlled substance, and is punishable by a term of imprisonment exceeding one year . . . [t]hus, defendant's two convictions under this state statute constitute predicate felonies for the career offender enhancement under § 4B1.1(a)."). These predicates are sufficient to support Petitioner's guideline career offender enhancement. *See* U.S.S.G. § 4B1.1(a)-(b). Defense counsel is not required to object to the application of established precedent or anticipate a change in the law. *Smith v. Murray*, 477 U.S. 527, 535-36 (1986); *Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999) ("Only in a rare case will a court find ineffective assistance of counsel based upon a trial attorney's failure to make an objection that would have been overruled under the then-prevailing law."). Therefore, defense counsel was not ineffective for failing to challenge Hopkins's career offender enhancement

at the time of sentencing. Moreover, because the Supreme Court, in *Beckles v. United States*, __ U.S. ___, 2017 WL 855781 (Mar. 6, 2017), has just concluded that the vagueness analysis of the ACCA in *Johnson* does not apply to the sentencing guidelines, Petitioner is unable to show that his guidelines career offender designation would be any different now. Accordingly, Petitioner has failed to establish ineffective assistance of counsel in this regard.

Petitioner also claims defense counsel provided ineffective assistance by failing to object to the Court's scoring his unarmed robbery conviction as a "crime of violence" on the basis that it was a juvenile conviction. Petitioner's claim is meritless. Application Note 1 to Guideline § 4B1.2 makes clear that "[a] conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which it was committed." Here, the PSR scored Hopkins's prior conviction for unarmed robbery under Michigan law as a crime of violence. Although Hopkins was 16 at the time of his arrest for that crime and 17 when he was sentenced, he was charged and sentenced as an adult. He initially received a sentence of 365 days' probation; after his probation was revoked for the second time, he was sentenced to 12 months-15 years' custody. (Case No. 1:12-cr-209, ECF No. 54, PageID.259). Accordingly, the Court properly scored Hopkins's conviction for unarmed robbery as a "crime of violence" and any objection by defense counsel on the basis that it was a juvenile conviction would have been frivolous and futile. *See Howard v. United States*, 743 F.3d 459, 468 (6th Cir. 2014).

3. *Objection to the Denial of the Acceptance of Responsibility Credit*s

Petitioner's third claim is that defense counsel provided ineffective assistance by failing to object to the government's denial of the acceptance of responsibility credit at sentencing (Case No. 1:14-cv-401, ECF No. 13, PageID.50). The Court finds that Hopkins's claim lacks any basis in fact

7

and therefore does not establish ineffective assistance of counsel. At sentencing, defense counsel did, in fact, strenuously object to the government's recommendation of no credit for acceptance. (Case No. 1:12-cr-209, ECF No. 95, PageID.426-428). Accordingly, Petitioner cannot now claim that his attorney failed to object to the denial of acceptance of responsibility credits. In any event, Petitioner suffered no prejudice because the Court ultimately granted the acceptance of responsibility credits (*Id.*, PageID.434) ("So for those reasons I'm going to go ahead and grant the acceptance points based on the record as it stands . . . ").

### B. The Appeals Stage

Petitioner's final ineffective assistance claim alleges defense counsel failed to appeal his sentence. Specifically, Petitioner alleges that "[c]ounsel was informed by defendant that he wanted to appeal the career offender enhancement but counsel informed defendant that he didn't have appeal rights." (ECF No. 1, PageID.4). The *Strickland* test enunciated above applies to claims that counsel was ineffective in the appeals process. To establish a Sixth Amendment violation in that context, Petitioner must establish: (1) counsel was ineffective; and (2) but-for counsel's ineffectiveness, an appeal would have been filed. *See Flores-Ortega*, 528 U.S. at 483. Petitioner has not established ineffective assistance in this case.

#### 1. No Express Instruction to Appeal

An attorney's performance is *per se* deficient if he fails to appeal after his client expressly instructs him to do so. *Flores-Ortega*, 528 U.S. at 477 ("a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). In such a case, a petitioner need only show that but-for the attorney's deficient performance, he would have appealed. *Gomez-Diaz v. United States*, 433 F.3d 788, 791-92 (11th Cir.

8

2005). Here, Hopkins fails to offer any evidence or make a specific assertion that he expressly instructed his attorney to file an appeal on his behalf. Instead, the extent of Hopkins's allegation is that "counsel was informed by defendant that he wanted to appeal" (ECF No. 1, PageID.4). But even if the Court credits Petitioner's assertions, "merely expressing a desire to appeal is not the equivalent of specifically requesting that [an] . . . [a]ppeal be filed." *United States v. Hitchcock*, No. 1:08-cr-1-04, 2009 WL 3754394, at *7 (W.D. Mich. Nov. 5, 2009) (citing *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003)). And Petitioner does not even claim–much less provide any evidence supporting a claim–that he expressly instructed defense counsel to file an appeal. Accordingly, defense counsel's performance was not *per se* deficient in this regard. *See Regalado*, 334 F.3d at 525 (holding that defense counsel's performance was not *per se* deficient because "although [defendant] expressed her desire to file an appeal, she did not specifically instruct [counsel] to do so") (citing *Flores-Ortega*, 528 U.S. at 477).

> 2. *No Violation of any Duty to Consult*

Nor did defense counsel violate any duty to consult with Petitioner regarding an appeal in this case. "The Constitution does not require lawyers to advise their clients of the right to appeal." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). In *Flores-Ortega*, the Supreme Court expressly "reject[ed] a bright-line rule that counsel must always consult with the defendant regarding an appeal." 528 U.S. at 480. Instead, "the lack of consultation is professionally unreasonable only where (1) a rational defendant would want an appeal, or (2) a particular defendant reasonably demonstrated to counsel an interest in appealing." *Hitchcock*, No. 1:08-cr-1-04, 2009 WL 3754394, at *7 (citing *Flores-Ortega*, 528 U.S. at 480).

9

First, the Court finds that the record evidence establishes that Hopkins did not reasonably demonstrate an interest in appealing his sentence. Defense counsel Targowski, in his sworn affidavit, states that he "does not have any attorney notes in his file that reflect, nor does he personally remember, Mr. Hopkins making a request to appeal his sentence within the statutory period." (ECF No. 11, PageID.47-48). Additionally, Targowski states that "Mr. Hopkins appeared grateful at the conclusion of the sentence [sic] hearing and made some positive comments towards [sic] the undersigned's efforts to prevent the government from getting a longer . . . sentence . . . ." *Id.* As already noted, the most Hopkins claims is that he expressed a diffuse desire to appeal, which is not the same as a bona fide interest triggering a duty to consult.

Second, no rational defendant would want to appeal under these circumstances. As an initial matter, Petitioner entered into a guilty plea containing an appeal waiver, "which tends to indicate that he was interested in 'seeking an end to judicial proceedings.'" *Ortero v. United States*, 499 F.3d 1267, 1270 (11th Cir. 2007). Additionally, Petitioner's sentence was within the guidelines range, and his 200-month sentence was much lower than the 262-327 guidelines range advocated for by the government in the PSR and at sentencing (Case No. 1:12-cr-209, ECF No. 54, PageID.275). An appeal could have exposed Hopkins to a remand leaving him in a worse position. Accordingly, neither standard is met here to trigger a duty to consult. *See United States v. Betancourt-Munoz*, No. 1:09-cr-25-TCB-JSA-7, 2013 WL 5999597, at *5 (N.D. Ga. Nov. 12, 2013) (holding that defense counsel did not have a duty to consult where defendant signed appeal waiver and received a sentence at the low end of the guidelines range).

### 3. *No Prejudice*

But even if defense counsel's performance was deficient in failing to consult with Hopkins regarding an appeal, Petitioner cannot establish prejudice. Prejudice in the appeals context may be shown by evidence that but-for defense counsel's deficient consultation, "there is a reasonable probability defendant would have appealed," or that there were "non-frivolous grounds for appeal." *United States v. Lovell*, 83 F. App'x 754, 758 (6th Cir. 2003) (citations omitted). "[P]rejudice requires more than simply showing that a defendant had an interest in appealing: he must prove that he would have actually appealed." *United States v. Brock*, No. 6:14-7372-DCR, 2015 WL 5039244, at *4 (E.D. Ky. Aug. 24, 2015) (citation omitted).

Petitioner claims that but-for defense counsel's refusal to appeal, he would have appealed the Court's career offender enhancement (Case No. 14-cv-401, ECF No. 1, PageID.4). In his plea agreement, however, Petitioner "waive[d] the right to appeal any sentence that is at or below the maximum guideline range . . . ." (*Id.*, ECF No. 38, PageID.84). And Petitioner ultimately received a guideline sentence. Accordingly, as a practical matter, any appeal would have been procedurally barred. In any event, after *Beckles*, the Court's guideline career offender enhancement is basically immune from constitutional attack on Petitioner's proposed grounds. *See Beckles*, 2017 WL 855781 (Mar. 6, 2017) (holding that the Federal Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause). Hopkins was properly sentenced and there was no violation of law that would support an appeal. Accordingly, defense counsel was not ineffective for failing to appeal Petitioner's sentence. *See Flores-Ortega*, 528 U.S. at 483.

**II.     *Descamps* Claim**

Petitioner's final ground for attacking his sentence is difficult to comprehend. Petitioner appears to allege that, under the Supreme Court's decision in *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013), federal courts can no longer enhance a sentence under § 4B1.1 based on the defendant's underlying conduct. (Case No. 1:14-cv-401, ECF No. 6, PageID.32). Instead, Petitioner alleges that "the court must now look at the language of the statute of conviction." *Id.* Apparently, Petitioner believes that he is entitled to a resentencing under *Descamps* because this Court used an impermissible approach in enhancing his sentence under § 4B1.1. *Id.*

Petitioner, however, is mistaken. In the first place, *Descamps* was an ACCA case, not a guideline case. Second, the Court in sentencing Hopkins used the modified categorical approach as it applies under both the ACCA and the guidelines career offender provision. Finally, even though the modified categorical approach limits some determinations under the career offender analysis, the Court remains free to consider the actual details of a defendant's prior offense conduct as part of Section 3553 consideration. Accordingly, *Descamps* is of no help to Hopkins.

**CONCLUSION**

Accordingly, the Motion of Hopkins to vacate is **DENIED**.

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901–02 (6th Cir. 2002). Thus, the Court must either issue a certificate of appealability indicating which issues satisfy the required

showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); FED. R. APP. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court does not believe that reasonable jurists would find the Court's assessment of the claim Petitioner raised debatable or wrong.

**ACCORDINGLY, IT IS ORDERED**:

1. Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Case No. 1:14-cv-401, ECF No. 1) is **DENIED**.

2. Petitioner's request for a Certificate of Appealability is **DENIED**.

Dated: April 28, 2017     /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE